BROWN
v.
SMITH.

A *scire facias*
cannot be is-
sued to revive
a judgment of
more than
*ten years'*
standing,
without a pre-
vious *affidavit*
of the judg-
ment's being
unsatisfied.
And after a
*scire facias*
was issued
and returned
*scire feci,*
without such
*affidavit,* the
court refused
to allow it to
be filed *nunc
pro tunc;* but
quashed the
*scire facias.*

* *Tidd's K.B.
Pr.* 1007.

LANSING *against* LYONS.

A JUDGMENT was entered up in this cause, in *December*,
1798, by virtue of a warrant of attorney. An execution was issued
on which nothing was done; and in *March*, 1799, the defendant
paid 26 dollars and 62 cents to the plaintiff, leaving the residue
unpaid. In *October*, 1811, the plaintiff sued out a *scire facias* to
revive the judgment, returnable the 17th of *August* last, which
was duly served, and returned *scire feci*, by the sheriff. The de-
fendant afterwards admitted there was a balance due on the judg-
ment which remained unsatisfied.

*Van Vechten*, for the plaintiff, now moved for leave to file an
affidavit, containing the facts above stated, *nunc pro tunc*, as of *Au-
gust term* last, or that the plaintiff have leave to issue an *alias fi.fa.*
on the judgment, without reviving the same by *scire facias*.

*R. M. Livingston*, contra, objected that the judgment being of
more than *ten* years' standing, the *scire facias* could not issue with
an *affidavit* previously filed, that the judgment remained unsatis-
fied, and that the proceedings were, therefore, irregular.*

*Per Curiam.* The *scire facias* must be quashed for irregular-
ity. But the plaintiff may, on paying the costs and filing the *affi-
davit* which has been read, take out a new *scire facias*, without
further notice to the court.

———————

BROWN *against* SMITH.

*Bail* have
eight entire
days in full
term, after
the return of
process a-
gainst them,
within which
to surrender
their princi-
pal; but *Sun-
day* is to be
reckoned one
of the *eight*
days.

ON a motion for an *exoneretur* of the bail, in this case, the only
question was, whether *Sunday* was to be computed as one of the
eight days within which the bail were allowed to surrender.

*Fool*, for defendant.

*Rodman*, contra.

*Per Curiam.* The bail have eight entire days in full term, after
return of process against them, within which to surrender their
principal; but *Sunday* is to be reckoned as one of the eight
days.

END OF JANUARY TERM.