1086 *Clin— Edn.*

———⚬⊕⚬———

## JACKSON, *ex dem.* THOMPSON, *against* STILES.

.FISK, for the defendant, moved to vacate a rule obtained in *May* term, for leave to issue a *habere facias possessionem* in this cause, and also to set aside the writ of *habere facias possessionem*, which was tested the 16th *May* last, with costs. ˙

In *August*, 1810, the declaration and notice in ejectment was duly served on *Isaac Bell*, the tenant in possession, and in *November* term following, a judgment by default was recovered against the casual ejector, which was signed the 26th *November*, and soon after, a *habere facias possessionem* was issued to the sheriff of *Orange*, returnable in *February* term, 1811. The sheriff delivered the possession of the premises, in the absence of the tenant and his family, to the lessor.

In *February* last, the wife of *Bell* and her family retook possession of the premises, without the consent of the lessor. The lessor, in *March* last, commenced proceedings under the act, for a forcible entry and detainer, but nothing was done by the sheriff or jury. In *May* last, the lessor obtained a rule of the court, granting leave to issue another *hab. fac. poss.* which was accordingly issued, and the sheriff, on the 20th *May*, by virtue of the writ, turned the wife and family of *Bell* out of the premises, and put the lessor into possession. It appeared that *Bell*, in *September*, 1810, had been sentenced to the state prison for 8 years; but his wife and family had continued on the premises until turned out by the sheriff, and that she and her family returned the next day to the house.

It appeared that the first writ of *hab. fac. poss.* had never been returned.

An exemplification of the record was produced, on which no

A writ of *habere facias possessionem* was issued on a judgment in ejectment, returnable in February, 1811, which was executed, but never returned.

In *May*, 1812, the plaintiff issued another *hab. fac. poss.* on the same judgment, the tenant having, in the mean time, retaken possession of the premises. It was held, that though a year and a day had intervened between the term at which the first writ was returnable and the issuing of the second writ, no *scire facias* was requisite to revive the judgment, as the court would presume that the first execution was continued down on the roll to the time of issuing the second execution, which may be done at any time, being matter only of technical form.

●

NEW YORK,  entries appeared to have been made after the judgment and
Oct. 1812.  award of the first writ.

MECHANICS'
BANK
v.
HAZARD.

*J. Duer*, for the plaintiff.

*Per Curiam.* The first writ of possession has never been
returned, and though a year and a day has intervened between
the term at which the first writ was returnable and the issuing
of the second, a *scire facias* was not requisite to revive the judg-
ment. The first execution may have been continued down on
the roll, to the time of issuing the second execution. As this may
be done at any time, and is a thing merely of technical form, we
will presume it to have been done in this case. Nothing appears
to contradict this presumption, and the facts stated show that the
party has never had the full fruit of his judgment, and justice and
equity require that he should have it.

Motion denied.