NEW YORK,
May, 1826.

Thorp
v.
Fowler.

---

## Thorp *against* Fowler.

*Motion on affidavit of merits, to set aside an inquest regularly taken, after 7 years denied; though the defendant and his attorney had reason to suppose the cause had never been tried.*

*An attorney other than the regular attorney in the cause, may issue execution in his own name without any formal substitution.*

*Testatum clause amended.*

*One execution being issued and returned, another may go, more than a year after, without a sci. fa.*

Motion to set aside an inquest taken in this cause, at the Ontario circuit, in 1818, with the execution. The cause was regularly noticed for trial at that circuit, by serving the notice on the defendant's attorney, who resided at Buffalo. He sent an affidavit to counsel at Canandaigua to put off the trial; and hearing nothing more of the cause till last March, when a *testatum fi. fa.* was levied on the defendant's property both he and the defendant supposed that the suit was abandoned. There was an affidavit of merits; the defence lying in set off alone. The judgment was perfected Sept. 5th, 1818.

The venue was laid in Ontario; but the *testatum* clause in the execution was of Erie; and the direction to the sheriff of Erie. There was also another mistake. The name of Mr. Wilson, being on the execution as attorney; whereas Mr. Spencer was the attorney in the cause. A previous writ of *test. fi. fa.* to the sheriff of Niagara county, had been issued in the cause and returned *nulla bona* February 5th, 1819.

*T. Root*, for the defendant.

*J. C. Spencer*, for the plaintiff.

*Curia.* The plaintiff moves to amend his execution, which is granted; though the motion was clearly not necessary as to the name of the attorney. An execution may issue in the name of another attorney without any formal substitution. (Dunlap, 82.) The first execution will support the second without a *sci. fa.* The testatum clause may be amended, on payment of costs.

As to the motion to set aside this inquest, there has been a delay of more than seven years since it was regularly taken on notice to the defendant and his attorney. They were both put fully on inquiry; and the case is one of gross negligence. A stronger one can hardly be conceived. In the case of an irregular notice of trial, where it was received by the attorney; and he omitted to move to set aside an inquest taken under it, till after the term next succeeding the circuit, he was holden concluded; though he supposed that no inquest would be taken; and therefore omitted to inquire. (10 John. 486. Dunl. 675.) True, this is not a mere case of irregularity; but the principle is much the same. The defendant, if we are to believe his affidavit of merits, has had the strongest motives for inquiry for more than seven years. He has manifested a most stupid and wilful disregard of his rights.

> Motion to set aside inquest, denied with costs.
> Motion to amend, granted.