## SUPREME COURT.

### CHARLES SACIA agt. MARTIN J. NESTLE.

A *second execution*, issued without an order of the court, after the lapse of *seventeen years* from the entry of judgment, and the issuing of the first execution, was set aside on the ground that under the Code (§ 284) a *second execution* cannot issue in any case *without leave of the court*, on notice to the defendant, after the lapse of *five years* from the entry of judgment. (*The reported decisions under the Code, on both sides of this question, examined, with decisions under the former practice.*)

*Montgomery Special Term, June,* 1856.
MOTION to set aside execution.

Judgment was recovered in November, 1838, for $88.06, and execution issued 23d Nov., 1838. The sheriff received $50 on the execution, and indorsed a return of *nulla bona* as to the residue. The $50 was paid to J. Sacia, September 14, 1839. The execution was returned and filed on the 16th April, 1856;

Sacia agt. Nestle.

and immediately thereafter a transcript of the judgment was procured from the clerk of court of appeals, and docketed in Montgomery county; and another execution was issued upon such judgment, with direction to collect the balance due and interest.

The plaintiff swears that he is still the owner of the judgment, and that there is due on such judgment the balance of $38.06, with interest, &c.

*Abm. P. Failing* swears, substantially, that he paid the judgment, &c.

JAMES GENTER, *for motion.*
WEBSTER & SACIA, *opposed.*

PAIGE, Justice.   The oath of payment of the judgment by Failing, is contradicted by the affidavit of the plaintiff; and the only question to be determined is, whether the second execution was regularly issued without leave of the court, obtained on motion, with notice to the defendant.   The second execution was issued after the lapse of seventeen years from the entry of the judgment, and the issuing of the first execution.

It was held by MASON, Justice, in *Pierce* agt. *Craine*, (4 *How. Pr. R.* 257,) where an execution had been issued on a judgment docketed in Nov. 1839, within the two years allowed by the Revised Statutes and returned unsatisfied, that a second execution issued in April, 1849, without leave of the court, was regularly issued.   Judge MASON, by regarding the second execution as connected with the first, by means of the fiction of continuances, upon the record, construed § 284 of the Code, as not applying to a second execution issued after the lapse of five years from the entry of the judgment, where a previous execution had been issued within the five years.   He came to the conclusion that the legislature, in adopting the Code, did not intend to alter the prior law, or the practice under the same as to the issuing of executions, other than to extend the time for issuing the *first* execution from two to five years.

Under the former practice, where an execution had been is-

sued within the time prescribed by the statutes then in force, a
second execution might have been issued at any time without
a revival of the judgment by *scire facias*, upon the principle that
the second execution was a mere continuation of the first, and
was supposed to be connected with it by the entry of con-
tinuances on the roll. (5 *Cow.* 446; 1 *id.* 36; 9 *John.* 391;
6 *id.* 106.)

PARKER, Justice, in *M'Smith* agt. *Van Deusen*, (9 *How. Pr.
R.* 245,) made a decision similar to that of Justice MASON in
*Pierce* agt. *Craine.* MITCHELL, Justice, held differently in
*Currie* agt. *Noyes*, (1 *Code Rep. N. S.* 198 :) and so did Justice
HARRIS, in *Swift* agt. *Flanagan*, (12 *How.* 438.)

In the last case Judge HARRIS decided that there was nothing
in the provisions of the Code which could be construed to war-
rant the issuing of an execution in any case after five years from
the entry of the judgment, without first having obtained leave
for that purpose.  I agree with Judge HARRIS in this opinion;
and I cannot see how § 284 of the Code can receive any differ-
ent construction without violating both its letter and spirit.

In this case, the lapse of time from the entry of the judg-
ment and the issuing of the first execution, exceeds ten years;
approximating twenty years.  Under the Revised Statutes,
writs of *scire facias* to revive a judgment could only be brought
within ten years after the docketing of the judgment. (2 *R. S.*
§ 3, *p.* 577.)  And previous to the Revised Statutes a *scire facias*
could not be issued after the lapse of ten years, without an ap-
plication to the court, supported by an affidavit that the judg-
ment remained unsatisfied. (*Lansing* agt. *Lyons*, 9 *John.* 84;
*Tidd's Pr.* 1007; 17 *John.* 107.)

In *Lansing* agt. *Lyons*, it appears that an execution had been
issued; and yet the court, without noticing this fact, quashed
the *scire facias* for irregularity, on the ground that it had been
issued without a previous application to the court, and the filing
of the necessary affidavit.

Under the old practice, where the judgment was of more than
twenty years' standing, the plaintiff was required to give notice
of the motion, with a copy of the affidavit, to the defendant, or

Sacia agt. Nestle.

move for a rule to show cause why a *scire facias* should not issue. (17 *John.* 106.) On the *scire facias*, the defendant was summoned to appear, and had a right to plead to the same. The writ of *scire facias* to revive a judgment is abolished by the Code, and the remedies prescribed by §§ 283 and 284 of the Code are substituted in its place. (4 *How. Pr. R.* 100, *per* WILLARD, *Justice; Code,* § 428.) Whenever an application for leave to issue an execution under § 284 of the Code is necessary, it must be made on notice to the defendant.

It seems to me, irrespective of the provisions of the Code, that, as a general rule, no party, after a lapse of over ten years from the issuing of a previous execution, should be allowed to issue a second execution without leave of the court obtained on notice to the adverse party, and upon an affidavit that the judgment remains unsatisfied.

If the rights of parties demanded the protection of an application to the court, for leave to issue an execution on notice, after the lapse of five years from the entry of judgment, accorded by the 284th section of the Code, certainly, a like security should be provided where there has been a lapse of seventeen years (as in this case) from the issuing of a previous execution, as well as from the entry of the judgment.

The execution in this case must be set aside, but without prejudice to the right of the plaintiff to apply for leave to issue another execution.