Brady, J.
An attachment was obtained against the defendant who was a member of the firm of I. L. Falk & Co., which was dissolved on the third of February of the present year. A certified copy of the attachment was served on the appellants, who were members of the firm as it existed prior to the dissolution and before the defendant had absconded, with the usual notice and demand of a certificate under section 650 of the Code. None having been fur *444 uished on the twelfth of February, an order was made directing the examination of. the other members of the firm as' to the property of the defendant held by them, either as members of the firm or as individuals. On the return day of the order for examination the appellants, moved to vacate the order, but the motion was denied.
It is alleged by Mr. Seligman, one of the plaintiffs” attorneys, that the plaintiffs have no satisfactory information of the interest of the defendant in the firm or of the-defendant’s property held by the other members beyond this, namely, that he was informed on the fifth of February by the firm that the defendant’s share of its profits for the-year terminating November last was $11,000. Mr. IsaacFalk claims to have given a certificate, not having refused, to give one,, and that neither of the other members of the firm refused to give one. But it appears that a new firm was created after the dissolution under the same designation, publication, of which was duly announced in the newspapers.
The exception taken to the certificate given is that it is-disingenuous for the reason that it is given by the existing firm, and such appears to be the fact. In this certificate, they state that they do not owe the defendant anything, and that they have no property whatever in their possession belonging to him; that he is not a member of their firm, but is indebted them in several thousand dollars. The plaintiffs are not seeking any information of that kind. Their object was to know whether the remaining members of the defendant’s firm had any property or money in their possession, and what interest he had in the firm of which he and they were members. There can be no question that the certificate furnished by them was not responsive, and the criticism that it was disingenuous seems, therefore, to be quite justified. The attempt is made on the part of Mr. Falk to disclose the defendant’s interest in the firm of which he was a member in the affidavit made by him, but it seems to be incomplete, even if it be regarded as a certificate under the provisions of the section mentioned, for the reason that there is no statement as to the capital of the defendant, which, as very justly suggested by the respondents’ counsel, would be a very important item in determining what his share of the assets was. They do not state either how long the firm existed or in what manner it was dissolved. They make extracts, it is true, and state a conclusion of law. The consequence is, that taking all disclosures made by all the papers submitted on behalf of the appellants, they present a very unsatisfactory statement of the interest of the defendant in the firm of which he was a, member. The plaintiffs are not obliged to accept such a *445 certificate. Unless the Court can see that there is at least a fair, bona fide compliance with the demand made, the plaintiffs have a right to the examination. The attaching creditor is not bound to take the statement of the defendant’s debtor, but is entitled to the examination under such circumstances. Baxter v. M. K. and T. R. R. Co., 4 Hun, 630; Glen Cove Manufacturing Co. v. Gotthold, 1 Civ. Pro., 366^
^ The Code, by section 651, expressly declares that if it appear to the satisfaction of the court or a judge thereof that the certificate is untrue, or fails fully to set forth the facts required to be shown, an order to attend and submit to an examination may be made. The right of the sheriff to levy on the defendant’s interest in the property of the old firm cannot be doubted. Atkins v. Saxton, 77 N. Y., 195, 199. And whatever is the subject of levy must be the subject of inquiry in proceedings under an attachment.
The learned counsel for the appellant insists that it is a prerequisite to granting the order for examination that there should be some evidence that the person proceeded against is a debtor of the defendant or a person holding property belonging to him, and that there is no such evidence in the papers.
Assuming this to be, the suggestion is not sustained by the evidence because, as we have already seen, it is alleged by Mr. Seligman that he was informed that the defendant’s share of the profits for the year terminating in November, 1886, was $17,000.
It is also further contended that to compel a certificate in detail of the partnership interests would substantially amount to an accounting. But this view is also erroneous for the reason that the Code contemplates a general statement, namely, a paper specifying the amount, nature or description of the property held for the benefit of the firm, or the defendant’s interest in the property so held, or the debts or demands owing to the defendant, as the case requires. If the remaining members of the firm, of which the defendant was one, had certified generally for example that the defendant had an interest in the firm the exact extent of which could not be ascertained until an accounting could be had, or that he had no interest in the firm, or that they had no property of his, a different question would be presented. Under such circumstances, it may that the courts would require a more formal proceeding to ascertain the precise nature of the interest. But what would be done under such circumstances, it is not necessary now to consider, inasmuch as the certificate given was not the one called for; and, further, the statements were not as full and explicit as they should have been, if made at all.
*446 For these reasons the order should be affirmed, with ten dollars costs and disbursements.
Van Brunt, C. J., and Daniels, J., concur.