By the Court. Duer, J.
We can look only at the exceptions that appear upon the face of the bill. Hence the objection that John Bates is improperly joined as a plaintiff, and that the action should have been brought in the names of the other partners alone, cannot now be taken. It was not taken upon the trial, and is not raised in the pleadings (Cook, § 148). We add, that if the execution was a nullity, John Bates was not only a proper but a necessary party. We are not to be understood as saying, that, in all cases where the property of a firm has been sold under an execution against one of the partners, an action for its recovery or value may not be properly brought *53 in the names of all the partners. There are dicta that look that way, but no decision; and we regard the question as open and doubtful.
The first exception, that to the competency of Bishop as a witness, has been properly abandoned ; it was plainly untenable. The objection to the admission of the proof that Boyd participated in the sale was properly overruled. The sale is stated in the complaint as a distinct cause of action, and if it was unlawful, all who acted in it with a knowledge that it was forbidden, as Boyd certainly did, did so at their peril, and rendered themselves liable as trespassers ab mitio. The motion to dismiss the complaint was properly denied. If the plaintiffs were entitled to recover at all they were so upon the evidence which had.then been given, and that they were so entitled we cannot doubt. The law is fully settled, that, under an execution against one partner, jt is only his right and interest in the partnership property that can be sold; and if the entire property is sold as his, it is an abuse of the process, which renders not only the officers but all who participate in the sale liable as trespassers (Waddell v. Cook, 2 Hill, 49 ; Walsh v. Adams, 3 Denio, 125). Here the defendant, James, directed the sale, Bishop was the officer holding the execution, and Boyd made the sale, as auctioneer. The decision of the judge, therefore, that they were jointly liable was manifestly correct.
We incline also to think that he correctly decided, that, under the provisions of the Code, the execution was a nullity; but whether it was so or not is quite immaterial. If the exe- = cution was valid the sale under it was just as illegal as if none had been issued ; and the judge was, therefore, right in saying that the execution afforded no protection to any of the parties. The amount of the damages furnishes no ground of complaint. The true rule for the measure of damages, and the only rule applicable to cases of this description, is that which was laid' down by the judge. There is no evidence that the property was bought in by the plaintiffs, and the fact is not admitted.
The judgment must be affirmed with costs.