JONATHAN MOORE & als. *versus* HENRY PENNELL.

The share of one of several co-partners in the goods of the firm, may be attached and sold on execution for his individual debt; and, as incidental to this right, the officer may deliver the whole of the goods seized to the purchaser.

But, if the officer *sells* the *entire property* in the goods, he will become a trespasser *ab initio.*

Where an officer attached the goods of a firm composed of three persons, on a writ against two of them only, and sold under the statute, the *entire property* in the goods attached; — *Held,* that the firm might maintain trespass against him and recover the full value of the goods sold.

ON FACTS AGREED.

George D. Hillman and A. H. Phinney, two of the plaintiffs, were formerly partners, doing business in the stove

business in the name of George D. Phinney & Co. They were also partners in the millinery business, using the firm name of Asa H. Phinney & Co. On Oct. 19, 1860, Asa H. Phinney & Co., dissolved their co-partnership, and formed a new one with Jonathan Moore, one of the plaintiffs, under the name of Moore, Phinney & Co., the said Moore having purchased on that day one-half part, in common, of the stock of Asa H. Phinney & Co.

On Oct. 29, 1860, one J. W. Orvis sued out a writ on a note given by George D. Phinney & Co., by virtue of which William Huse, a deputy of the defendant, attached and took possession of the property mentioned in the plaintiff's writ in this action, and, after due proceedings under the statute, sold the whole and entire property in the articles thus attached.

The plaintiffs, thereupon, brought this action of trespass against the defendant, sheriff of the county of Cumberland, for the acts of his deputy.

*Fessenden & Butler*, for the plaintiffs.

*Henry P. Deane*, for the defendant.

The opinion of the Court was drawn by

WALTON, J. — The share of one of several co-partners in the goods of the firm may be attached and sold on execution for his individual debt; and, as incidental to this right, the officer may take possession of the goods seized, and deliver the whole to the purchaser. But, if he sells the *entire property* in the goods, it is such an abuse of his legal authority as will make him liable as a trespasser *ab initio;* and an action may be maintained against him in the name of all the members of the firm.

With respect to such members of the firm as are not parties to the execution, he is a trespasser, because he has sold their share of the property to pay the debt of others, without any precept or authority in law authorizing him so to do; and with respect to the debtors themselves, because he

has sold their shares jointly with the shares of others, and thereby rendered it impossible to determine what proportion of the purchase money belongs to them, and how much of it ought to be indorsed on the execution, and because it is their right to have their shares sold separately, to the end that they may not only know the precise amount for which they are sold, but because the sale of a larger amount of property in bulk may injuriously affect the price by limiting the number of bidders. Many persons might have the ability and be willing to purchase the debtor's share, when they could not purchase a larger amount. Ordinarily we should not expect the price of the debtor's share to be injuriously affected by selling the entire property, but it is sufficient to protect him against such a sale, to know that such might be the result; that cases might occur in which such a sale would cause his share to sell for less than if it were sold separately. Many other reasons suggest themselves why the law ought not to sanction such a proceeding, but those already named are deemed sufficient to condemn it.

Such a sale being illegal, and rendering the officer a trespasser *ab initio*, the action may properly be brought in the name of all the partners, and they will be entitled to recover the full value of the goods sold, leaving the judgment, to satisfy which the property was sold, in no part satisfied.

These principles are decisive of the case now before us, and judgment must be rendered for the plaintiffs, the amount of damages to be estimated by a jury, according to the rules of law, and the principles here laid down. *Melville* v. *Brown*, 15 Mass., 82; *Walker* v. *Fitts*, 24 Pick., 191; *Waddell* v. *Cook*, 2 Hill, 47.

TENNEY, C. J., RICE, APPLETON, GOODENOW and DAVIS, JJ., concurred.