CATHARINE ATKINS, Appellant, v. SILAS SAXTON, Sheriff, etc., Respondent.

*It seems,* that a seizure and levy by a sheriff, under an attachment or execution against one person, upon the entire property of a firm, as the sole property of the debtor, is not justified by showing that the debtor has an interest in the property as a co-partner.

The power of the sheriff, for the purpose of rendering the levy upon the interest of one partner in the co-partnership property effectual, to take possession of the whole property, is merely incidental to the right to reach the debtor's interest; and is to be exercised as far as possible in harmony with, not in hostility to, the rights of the other partners.

When, therefore, the sheriff exceeds this limit; and, instead of levying on the debtor's interest, levies upon and seizes the property as the sole property of the debtor, he is a trespasser.

A division of co-partnership property between the partners in proportion to their interests, for the purpose of protecting the property from seizure by the individual creditors of one of the partners, is not unlawful, and cannot be avoided as a fraud upon the individual creditors. By such a transaction the other partners do not acquire any of the property of the debtor, but only separate their own from his, so that their portion shall not be interfered with for his debts.

But even if a fraud is perpetrated, the whole property does not become liable to seizure upon attachment at the suit of an individual creditor; nothing more than the debtor's interest in the property can in any event be liable.

In an action against a sheriff to recover the possession of certain property, defendant justified under two attachments against B.; the property formerly belonged to a firm composed of plaintiff and B. Plaintiff's evidence was to the effect that, prior to the seizure, the co-partnership

was dissolved and the personal property divided between the partners; that B. sold his portion to third persons, and all had been removed, save a small portion left by one of the purchasers in plaintiff's care. Defendant seized all the goods of the late firm in plaintiff's possession, as the sole property of B. Defendant conceded the partnership, but controverted the dissolution and division. The court charged that if the jury believed there was a nominal assignment by B., of his interest in the property seized, to plaintiff with intent to defraud B.'s creditors, and with knowledge on plaintiff's part, then the property was liable to the attachments. *Held*, error.

(Argued January 27, 1879; decided May 20, 1879.)

. APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought against defendant as sheriff of Ulster county, to recover possession of a quantity of brandy and thirty-six cords of wood which the complaint alleged had been wrongfully taken by defendant.

Plaintiff claimed the delivery of the property, and it was taken from defendant's possession and delivered to plaintiff. Defendant justified the taking under two attachments against Benjamin F. Atkins, who, the answer alleged, "was the owner of and had a leviable interest" in the property at the time it was taken, and that "any pretended conveyance or transfer of his interest in the same to the plaintiff was without consideration * * * and made for the purpose of defrauding the creditors of said Benjamin F. Atkins."

The facts appear sufficiently in the opinion.

*D. M. De Witt*, for appellant. If under an execution or attachment against one partner for an individual debt, the sheriff has seized the entire property of the firm, if he proceeds to sell the entire property he becomes a trespasser *ab initio*, and trespass, replevin or trover will lie against him by the injured partner. (*Waddell* v. *Cook*, 2 Hill, 47, and note; *Welsh* v. *Adams*, 3 Den., 125; *Berry* v. *Kelly*, 4 Robt., 106; *Johnson* v. *Evans*, 49 Eng. C. L., 240; *Melville* v. *Brown*, 15 Mass., 82; *Phillips* v. *Cook*, 24 Wend., 398;

Pars. on Part., 353.) It was not necessary for plaintiff to wait for a sale, the mere levy was sufficient to sustain this action. (*Wheeler* v. *McFarland*, 10 Wend., 318; 26 id., 467; *Hoxie* v. *Carr*, 1 Sumn., 181; *Phillips* v. *Cook*, 24 Wend., 399; *Smith* v. *Acker*, 23 id., 653; *Hull* v. *Carnley*, 2 Duer, 99, 106; 1 Kern., 501, 508; *Stewart* v. *Wells*, 6 Barb., 79.) The partnership having been dissolved, and the effects transferred to plaintiff, the sheriff had no right to seize them under the attachments. (*Dimon* v. *Hazard*, 32 N. Y., 65, 78; *Eighth Nat. Bank* v. *Fitch*, 49 id., 539, 543; *Menagh* v. *Whitwell*, 52 id., 146, 154, 159, 171.) The attaching creditors in this case were not in a position where they could attack the transfer to plaintiff for fraud as against them. (*Dimon* v. *Hazard*, 32 N. Y., 79; *Menagh* v. *Whitwell*, 52 id., 159; *Mabbett* v. *White*, 2 Kern., 442; *Graser* v. *Stillwagan*, 25 N. Y., 315; *McClelland* v. *Remsen*, 13 Keyes, 454; 49 N. Y., 543; *Andrews* v. *Durant*, 18 id., 500; *Rinchey* v. *Stryker*, 28 id., 145; *Griffin* v. *Cranston*, 10 Bosw., 9, 12; 1 id., 280.)

*A. Schoonmaker, Jr.*, for respondent. The affidavits upon which the attachments were granted were sufficient and cannot be assailed collaterally. (2 Wait's Pr., 146, 147; *Schoonmaker* v. *Spencer*, 54 N. Y., 366; *Genin* v. *Tompkins*, 12 Barb., 265; *Skinnion* v. *Kelly*, 18 N. Y., 355.) Defendant had a right to seize and hold the entire partnership effects under the attachments. (*Phillips* v. *Cook*, 24 Wend., 388; *Smith* v. *Orser*, 42 N. Y., 132.) Upon a fraudulent transfer by a debtor of his property to a third person, for the purpose of hindering, delaying or defrauding creditors, the sheriff may seize and hold it under an attachment against him. (*Rinchey* v. *Stryker*, 28 N. Y., 145; 31 id., 140.)

RAPALLO, J. The defendant justified the taking of the property in controversy under two attachments against Benjamin F. Atkins. The property, when seized by the sheriff, was in the possession of the plaintiff and the only

title that Benjamin F. Atkins appears to have ever had thereto was as a c-opartner with the plaintiff. The seizure was made on the 17th of August, 1875, and the plaintiff produced evidence on the trial showing that in the preceding May or June the co-partnership between her and Benjamin F. Atkins had been dissolved, and the personal property of the firm, consisting of about 116 casks of liquor, divided between the partners. That the share of Benjamin, being about fifty-seven casks, remained in the vault until he sold and delivered thirty of them to one Powell, and sold twenty-seven to one Steen, fourteen of which had been delivered, and that, at the time of the seizure, all the liquor in the vault was the sole property of the plaintiff, except the thirteen casks remaining of those sold to Steen, and that Steen had left them with the plaintiff for safe keeping. Thirty-six cords of wood which had been purchased for the firm, but not paid for before the dissolution, were also seized. The plaintiff proved as to these that she had taken them to her own account on the dissolution, and paid for them afterwards.

The fact of the partnership was not contested on the trial. It was disclosed on the plaintiff's proofs and was the only evidence of any title in B. F. Atkins. The dissolution and the division of the assets were controverted by the defendant, and evidence was given tending to discredit the testimony on the part of the plaintiff on those points.

The judge submitted to the jury the question whether there had been a division, and Benjamin F. Atkins had been divested of all interest in the property, as alleged by the plaintiff, but he charged the jury that if they should find otherwise, and that Benjamin at the time of the seizure had an interest in the property, the verdict must be for the defendant. That it was not necessary that Benjamin should be the entire owner of the property. That if he had an interest in the property as partner or otherwise which was subject to the debt of his creditor, by the attachment the creditor had

a right to seize it, through the sheriff, and to retain it. Exceptions were taken to these portions of the charge and the first question in the case arises upon these exceptions.

The proof in the case was, not that the sheriff levied upon the interest of Benjamin, as partner or otherwise, in the property, but that he seized and levied upon the entire property. The sheriff who made the levy testified that he levied on the whole of the property as the property of Benjamin. That he supposed it was Benjamin's property and he levied on the whole of it, and it was so inventoried and appraised. The answer sets up that it was the property of Benjamin, or he had a leviable interest in it. No interest of the plaintiff as co-partner is recognized or conceded, nor was the levy or the justification restricted to the interest of Benjamin as a partner. The levy is admitted to have been in hostility to the rights of the plaintiff and every other person, and the defendant has recovered judgment for the entire value of the property. The question presented by these exceptions is whether a seizure and levy thus made, of or upon the entire property, as the sole property of the debtor, is justified by showing that the debtor had an interest therein as a co-partner.

The right of the sheriff to levy upon and sell the interest of a partner in partnership property under an attachment or execution against such partner for his individual debt, is undoubted. For the purpose of rendering such levy and sale effectual, it is also well settled that the sheriff may take possession of the whole property, and upon a sale may deliver it to the purchaser, who takes it subject to the rights of the co-partners of the debtor, and the creditors of the firm, and subject to an accounting which may disclose that he derived no beneficial interest from his purchase; all that he can ultimately obtain is the debtor's share of such surplus as may remain after payment of the firm debts and the adjustment of the accounts of the partners as between themselves. The proceedings of the sheriff to reach this interest should be conducted as far as possible in harmony with the rights

of the other partners, and not in hostility to them. His power to take and deliver possession of the corpus of the property, is merely incidental to the right to reach the interest of the debtor, and is to be exercised only as a means to that end. Consequently if he exceeds that limit and undertakes to interfere with the rights of the other partners to a greater extent than is necessary to reach the interest of the debtor partner, and dispose of it, as, when instead of selling the interest of the debtor partner he undertakes to sell the entire property, although his act is nugatory, such interference renders him liable as a trespasser *ab initio*. (*Waddell* v. *Cook*, 2 Hill, 47.)

In the present case there was no sale, but the sheriff confessedly, instead of levying upon the interest of B. F. Atkins, levied upon and seized the whole as the sole property of Atkins, and it was inventoried and appraised as such. He levied upon and asserted control over the interest of the plaintiff as well as of Atkins, and his proceeding was in direct hostility to her title. I do not see why this was not an unnecessary and unwarranted invasion of her rights which rendered him liable, upon the same principle as in *Smith* v. *Acker* (23 Wend., 653), in which case it was held by Senator VERPLANCK, (p. 668), that where the sheriff, under an execution against the mortgagor of chattels, after forfeiture, levied upon the chattels as the property of the mortgagor, instead of levying upon the interest of the mortgagor, he was not protected by the statute authorizing the sale of the right and title of the pledgee of chattels. The learned senator there says, "the sheriff did not claim to sell the remaining right, title and interest of Bell. He levied upon and asserted the authority to sell the goods themselves as Bell's property." To the same effect is *Wheeler* v. *McFarland* (10 Wend., 318), where the sheriff levied upon boards upon which plaintiff had a lien, and advertised the whole property, and it was held that plaintiff might replevy and the sheriff's authority to sell the residuary interest was no justification. This case was reversed on another point, *McFarland*

v. *Wheeler* (26 Wend., 467), but is approved, so far as the part to which it is now cited is concerned, in 23 Wend., 669. There is strong ground for holding that a levy under an attachment or execution, upon the property of a partnership as the sole property of one of the partners, is not justified by proof of his interest as a partner.    Where a levy is thus made, and is justified by the answer, it is not easy to see why a judgment for the defendant would not bar all claim of the other part-ner to the property.    But it is not necessary to decide that point now, as, upon the second question raised by the excep-tions, we think there must be a new trial.

This question arises upon the charge of the court on the subject of fraud.    Upon request of the defendant's counsel the court charged, that if the jury were satisfied under the evidence that there was a nominal assignment or disposition by Benjamin of his interest in that property to the plaintiff, with intent to defraud his creditors, and with knowledge on her part, then the property was liable to these attachments. An exception was duly taken to this charge.

The fact of a division of the property at the time of the dissolution had been proved by the testimony of the plaintiff, of her husband, who acted as her agent, and of Benjamin F. Atkins, corroborated by that of two other witnesses, who were apparently disinterested spectators.    The verdict of the jury may it is true have been rendered on the ground that the testimony of these witnesses had been discredited or effectually controverted, and that no dissolution or division had been in fact made as testified to by them.    But it is equally true that the verdict may have been rendered on the ground that, although such division had been in fact made, yet that it was made for the purpose of protecting the property from seizure by the individual creditors of Benja-min, and of defrauding them.    It appeared in evidence that there were creditors of the co-partnership.    They however were not pressing and there was property enough to pay them.    But it was quite clearly proved that Benjamin was insolvent and had judgments against him, besides being

indebted to the plaintiff on the partnership accounts, and it may very well be that one object of the division of the property was to protect it against just such a seizure by the individual creditors of Benjamin as was made in this case, and the question is, whether a division of partnership property, with such a motive, can be treated as unlawful, or can be avoided as a fraud upon the individual creditors of one of the partners. Ordinarily any transfer of property made by an insolvent, with intent to place it beyond the reach of legal process, is a fraud upon his creditors, and voidable for that reason ; but I do not think that the transaction given in evidence in this case can be regarded as a transfer, which may be set aside on that ground. The plaintiff did not undertake to acquire any of the property of Benjamin, but only to separate her own from his, so that it should not be liable to seizure for his debts. By submitting to the jury the question whether the object of the transaction was to defraud the creditors of Benjamin, they may have been materially misled, and although they may have been satisfied that there had been such a division as was testified to by the plaintiff's witnesses, yet in the form in which the charge was put they may have rendered their verdict upon the theory that such a division was an assignment by Benjamin of his interest in the property, made with intent to defeat the remedies of his creditors, and therefore void. The charge was also inaccurate in its language, in stating that if there was such a fraudulent disposition by Benjamin of his interest, then the property was liable to these attachments. Nothing more than his interest in the property could in any event be liable. The great error of the charge however was in submitting to the jury at all the question of an intent to defraud the creditors of Benjamin. Such an intent cannot be predicated of an equal division of partnership property, and that was all that was attempted to be shown in this case. If the whole interest of Benjamin had been transferred to the plaintiff without adequate consideration, and it had been shown that he had a valuable interest, that is,

that there was a surplus of firm property over and above the firm debts, then the question of fraud upon his creditors might have arisen; but there was not any evidence whatever tending to make out such a case. The transaction set up by the defense was not a transfer of Benjamin's interest, but simply a separation of the interests of the partners in the property, and there was no pretence that the plaintiff received more than her share. All the evidence that there was in the case tended to show that Benjamin was the debtor partner, and the only contest upon the trial was as to the fact whether or not the division had been actually made. In such a case and upon such an issue it was erroneous and misleading to submit to the jury the question of fraud upon the individual creditors of one of the partners.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.