# Tait *v.* Murphy.

### *Trial of the Right of Property.*

1. *General charge on evidence ; when properly refused.*—A general charge on the evidence, in favor of either party, is properly refused, when there is any conflict in the evidence as to a material fact, or evidence from which the jury might draw an inference adverse to him.

2. *Partner's interest in partnership property ; execution against.*—A partner's individual share in any particular partnership property is not subject to levy and sale under execution against him; and if an execution against one partner is levied on partnership property, and a statutory claim is interposed by his co-partner, the plaintiff is not entitled to have a one-half interest in said property declared subject to his execution.

3. *Assessing separate value of articles levied on.*—On the trial of a statutory claim suit for four yokes of oxen and two carts, verdict and judgment being rendered for the plaintiff in execution [Code, § 3343], the value of each article must be assessed separately, and it is error to assess a gross sum as the aggregate value.

APPEAL from Clarke Circuit Court.

Tried before Hon. WM. E. CLARKE.

John F. Murphy recovered a judgment against Barron and H. E. Tait, at the fall term 1885 of Clarke county Circuit Court, and an execution on said judgment, issued on the 24th of November, 1885, was levied, by the sheriff, on four yokes of oxen, one front-cart and one tail-cart, as the property of J. W. Barron and H. E. Tait, the defendants in execution. W. R. Tait claimed the property levied on as belonging to him, made affidavit and gave a claim bond, whereupon the levy was released. The cause was tried on an issue made up under the direction of the court, as required by the statute, the trial resulting in a verdict and judgment for the plaintiff for "one-half of the property levied on," and the jury "assessed the value of said one-half at one hundred and fifty dollars." The judgment followed the verdict, condemning to the satisfaction

[Tait v. Murphy.]

of plaintiff's demand one-half of the property levied on. On the trial the plaintiff sought te show that the property in controversy belonged originally to one of the defendants in execution, H. E. Tait, and had been fraudulently transferred to claimant, to protect it from plaintiff's execution. The claimant sought to show that the property had never belonged to said defendants, or either of them.

In proof of his contention, the plaintiff offered the sheriff, who made the levy, as a witness, who testified that when he went to the camp of the defendant, H. E. Tait, to levy the execution, and which he did levy on the oxen and carts in controversy, the claimant, William R. Tait, claimed the property as his, and showed witness a bill of sale, dated March 1st, 1884, from H. E. Tait, selling to claimant "four yoke of oxen, two front-carts and one tail-cart," which bill of sale, upon request from the plaintiff, was produced and put in evidence. Other witnesses were offered by the plaintiff to show that the oxen and carts were the property of H. E. Tait, and that the pretended sale to claimant was without consideration and fraudulent. The claimant, examined as a witness in his own behalf, testified that a part of the property levied on was purchased by him from one Wainwright, a part from M. G. Candee, a part from Mrs. Bradley, an ox from Osceolo Tait and one ox from a negro named Jordan; that no part of the property in controversy was embraced in the bill of sale from H. E. Tait. The witness further testified that the oxen and carts bought from H. E. Tait were in payment of a just debt of above five hundred dollars, which said H. E. Tait owed him, and that the value of the property named in the bill of sale was of less value than the amount of the debt.

Upon the evidence, the court charged the jury, among other things, "That they should determine, from the evidence, whether, if the property levied upon did not belong exclusively to H. E. Tait, it belonged to the firm of Tait & Tait, and if they found it did so belong to Tait & Tait then they must find that one-half of it was subject to the plaintiff's execution." To the giving of this charge the claimant excepted.

The claimant, among other charges, asked the court to give the affirmative charge, that if the jury believed the evidence they should find for the claimant, which charge was refused.

Charge number 3 asked by the claimant was as follows: "Even if the jury believe from the evidence that any part of the property levied on was acquired by Wm. R. Tait under the bill of sale, yet if the unimpeached and uncontradicted evidence shows that the bill of sale was to pay, and did pay at a fair valuation, to Wm. R. Tate, a debt due from Hez. Tait to him, it is immaterial whether Hez. Tait, in paying said debt, designed

[Tait v. Murphy.]

to defraud Murphy, and whether William Tait participated in any such design ;" which charge was also refused by the court.

The claimant takes this appeal, assigning as error the adverse rulings of the court above noted.

H. PILLANS, for appellant.—1. The judgment in this case is erroneous. It follows the verdict, and like it, fails to assess the value of each article levied on separately.—*Townsend v. Brooks*, 76 Ala. 308 ; *Johnson v. McLeod, adm'r*, 80 Ala. 433. 2. The court erred in its charge in reference to the property claimed as belonging to the partnership of Tait & Tait, as there was no evidence of such partnership, or that the property belonged to such partnership. Even had there been evidence to support such charge, the instruction was wrong to find that one-half of said property was subject to plaintiff's execution, since only the *interest* of a partner in a partnership can be subjected to an execution against him, which can only be determined after the settlement of the partnership. Charge numbered 3 should have been given.—*Meyer v. Sulzbacher*, 76 Ala. 120 ; *Hodges v. Coleman*, 76 Ala. 103.

J. W. PORTIS and S. J. CUMMING, *contra*.—No brief came into the hands of the Reporter.

CLOPTON, J.—The issue joined on the trial is, whether the oxen and carts levied on are subject to plaintiff's execution. The plaintiff claimed, that they were the property of H. E. Tait, one of the defendants in execution, and that he had fraudulently sold and conveyed them to appellant, who is the claimant. The claimant denied that they were ever the property of H. E. Tait; and it appearing that, in March, 1884, he had obtained from the defendant in execution oxen and carts, he introduced evidence to show, that prior to the levy he had sold some of the oxen thus obtained, and the others had died, and that those levied on were bought from other persons. having never belonged to H. E. Tait. On this evidence the claimant asked the court to give the affirmative charge as to the oxen. If this version be true, of course the oxen are not subject to plaintiff's execution. But there was other evidence which raised a question respecting the identity of the property, and in support of this issue, in his favor, the plaintiff proved, that when the officer went on a former occasion to make a levy, the claimant asserted title to the property, and as his source of title exhibited a bill of sale executed by H. E. Tait, which on demand of plaintiff was produced by claimant on the trial. Though the production of the bill of sale and claiming thereunder, do not operate to prevent claimant to show, that the oxen in fact

[Tait v. Murphy.]

never belonged to H. E. Tait, his assertion of title as made to the officer is a circumstance proper to be considered by the jury on the question of identity. The affirmative charges requested by claimant would have withdrawn this evidence from the consideration of the jury, and were therefore properly refused. Such charge should not be given, if there is evidence, though slight, authorizing an adverse inference.

The jury, as is evident from the verdict, having found the property in controversy to be the property of the firm of Tait & Tait, under an instruction from the court, subjected one-half thereof to the payment of the execution. Assuming that there was evidence on which to base the hypothesis of the charge, which, however, is not disclosed by the record, it asserts an erroneous proposition. The interest of a partner is his share of the proceeds of *all* the partnership effects, after the liabilies have been satisfied. Such *interest* may be levied on and sold under an execution against the goods of the individual partner. A partner does not separately own, or have right of exclusive possession to, any particular article of the partnership property, or aliquot part thereof. The real ownership and the legal title are vested in the firm.—*Daniel v. Owens*, 70 Ala. 297 ; *Farley v. Moog*, 79 Ala. 246. If it be true, that the oxen and carts levied on are the property of a partnership, composed of the claimant and the defendant in execution, one-half thereof cannot be levied on and sold under an execution against the latter as his share. If not subject to levy and sale, the plaintiff is not entitled to condemn such share to the payment of his execution on a statutory trial of the right of property. If such be the facts, he fails to sustain the issue, that the property is subject to his execution, and the jury should have been so instructed on the hypothesis of the charge.

By the statutes providing for and regulating the trial of the right of property when levied on under execution and claimed by a third person, it is declared, that if the jury subject the property to the payment of the execution, "they must assess as far as practicable, the value at the time of trial of each article separately."—Code (1876), § 3343. The jury assessed the value of the property condemned at the gross sum of one hundred and fifty dollars. It was practicable to have assessed the value of each article separately; and on the authority of *Townsend v. Brooks*, 76 Ala. 308, the failure to do so is a reversible error.

Charge number 3 asked by claimant is defective in that it requires the court to instruct the jury as to the sufficiency and credibility of oral testimony.

Reversed and remanded.