### ZOLLER *et al.* v. GRANT, Sheriff, *et al.*

*(Superior Court of New York City, General Term.* December 10, 1888.)

1. ATTACHMENT—LEVY ON FIRM PROPERTY—DEBT OF ONE PARTNER.
   The levy and seizure, under an attachment against one person, on the entire property of a firm as the sole property of the debtor, cannot be justified by showing that the debtor has an interest in such property as a partner.
2. TRIAL—OBJECTIONS TO EVIDENCE—WHEN MADE.
   An objection to a question, not taken until the question has been answered, is too late.

Appeal from jury term.

Action by George L. Zoller, George Lupert, and Hugh Alexander, partners in the business of furniture dealers, under the firm name of Zoller, Alexander & Co., against Hugh J. Grant, sheriff, and others, to recover damages for the taking of plaintiff's property under an attachment against the Luppert & Kline Furniture Company. Verdict and judgment for plaintiffs, and defendants appeal.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Cockran & Clark* and *Stine & Calman*, for appellants. *E. B. & C. P. Cowles*, for respondents.

TRUAX, J. Although a motion for a new trial was made and denied after the jury had brought in their verdict, yet no order denying the motion was entered, and the appeal is only from the judgment, and we shall therefore consider only the questions of law that are presented by the exceptions other than the exceptions that were taken to the ruling of the judge denying the motion for a new trial. It is not necessary for us to determine whether the Luppert & Kline Furniture Company, who the defendants claim was either the owner of the property or a member of the firm of Zoller, Alexander & Co., in whose possession the property was at the time it was taken, was or was not a member of said firm of Zoller, Alexander & Co., for the stipulation between the parties which was offered in evidence provided that the fund in suit shall be paid over to the plaintiffs if it shall be decided that the property taken by the sheriff under the attachment was not the property of the said Luppert & Kline Furniture Company. If the Luppert & Kline Furniture Company was a member of the firm of Zoller, Alexander & Co., and if the said property belonged to the firm so constituted, then, under the stipulation, the fund must be paid to plaintiffs, because the Luppert & Kline Furniture Company was not the sole owner of the property. In order to succeed in their action, the defendants must show that the Luppert & Kline Furniture Company was the owner—that is, the sole owner—of the property taken under the attachment; in fact, the only question litigated on the trial was whether the Luppert & Kline Furniture Company was or was not the owner of the property. But, even if the Luppert & Kline Furniture Company was a member of the firm of Zoller, Alexander & Co., the levy of the sheriff was illegal. The seizure and levy by a sheriff under an attachment or execution against one person upon the entire property of a firm as the sole property of the debtor is not justified by showing that the debtor has an interest in the property as a copartner. The power of the sheriff, for the purpose of rendering the levy upon the interest of one partner in the copartnership effectual to take possession of the whole property, is merely incidental to the right to reach the debtor's interest, and is to be exercised, as far as possible, in harmony without hostility to the rights of the other partners. Therefore, when the sheriff exceeds this limit, and instead of levying on the debtor's interest levies upon and seizes the property as the sole property of the debtor, he is a trespasser. *Atkins* v. *Saxton*, 77 N. Y. 195.

It was not error for the trial judge to allow the plaintiffs to show what took place between them and Mr. Dean, the chairman of the Luppert & Kline Furniture Company. Exhibit A, which was offered by the defendants, showed that Mr. Dean was the chief officer in the said company; and the question called for testimony that might explain the relation between the plaintiffs and said company. The objection at folio 150 seems to have been taken after the question had been answered, and for that reason, if for no other, is too late. It is true that the question at folio 155, to which the defendants objected, called for the witness' interpretation of a written contract, which contract was in evidence; but no one was harmed by that, because the witness put the right construction upon the contract. Under the contract the Luppert & Kline

Furniture Company had nothing to do with the losses in the business, except as those losses tended to decrease the amount of profits that was coming to it. It may be that the firm of Zoller, Alexander & Co. and the Luppert & Kline Furniture Company, as against third persons, constituted a new firm, without a name; but that question was not litigated upon the trial. By the stipulation above referred to, the plaintiffs are entitled to recover damages, unless it appears that the Luppert & Kline Furniture Company was the sole owner of the property; and all the litigation on the trial was directed to showing on the part of the defendants that they were such owners, and on the part of the plaintiffs that they were not such owners. No question arises as to the amount of damages. It was conceded on the trial by the defendants that the damages against the defendants, in case there was a verdict, should be, in addition to the amount deposited with the trust company, such damages as were proved for the detention; or, to use the words of the admission, the damages ought to be $730, (which was the amount deposited under the stipulation,) and such damages for the unlawful taking and detention as are proved. Those damages were itemized, and part of them were stipulated. For instance, it was stipulated that there was $133.30 due for rent, and that the salary of the bookkeeper was $10.70. These sums, added to the $730 and the other damages that were proved, would not make the verdict excessive. The judgment is affirmed, with costs. All concur.