HARRIET L. LANE and another *vs.* CHARLES W. LENFEST and another.

April 23, 1889.

**Special Issues Submitted to Jury.**— The settled "case" construed as showing that both parties consented that only certain questions should be submitted to the jury, and that all other issues should be decided by the court.

**Same—Requisites of Verdict.**—The special verdict or findings of a jury, in order to sustain a judgment, must pass upon all the material issues made in the pleadings, so as to enable the court to say upon the pleadings and verdict, without looking at the evidence, which party is entitled to judgment.

**Execution against Partner—Sale of his Interest in Firm Property—Rights of Purchaser.**—A purchaser at a sale upon an execution against one partner, levied upon his interest in partnership property, does not acquire any title to or right of possession of the property. These still remain in the partnership, and, if the purchaser take possession, the other partners have a right to use the partnership name to recover the property or its value.

Appeal by defendants from an order of the district court for Anoka county, *Hicks,* J., presiding, refusing to set aside the verdict of the jury on special questions submitted to them (there being no general verdict.)

*G. H. Wyman,* for appellants.

*Hammons & Hammons,* for respondents.

MITCHELL, J. Action for the wrongful taking and conversion of a stock of merchandise, alleged to have been the property of plaintiffs as copartners. The answer puts in issue the partnership of plaintiffs,

their ownership of the goods, and the value thereof, and alleges that they belonged to plaintiff George Lane, individually, and that the defendant Lenfest, as sheriff, levied upon and sold them upon an execution against George Lane in favor of defendant the Washburn Mill Company, which became the purchaser at such sale. There was no general verdict, only two questions having been submitted to the jury, viz.: *First*, whether the plaintiffs were partners when the goods were taken; and, *second*, what was their value at that time? The "settled case" states that the court, on its own motion, thus submitted the case to the jury, "no party objecting thereto." It subsequently states that to this the defendants objected, and, their objection being overruled, they excepted. The only reasonable inference from these apparently inconsistent statements seems to be that both parties consented to the action of the court, and afterwards the defendants attempted to interpose an objection and exception. If so, the exception would amount to nothing, for a party cannot interpose an available exception to what he has previously consented to. But whatever construction should be put upon these statements in the "case" taken by themselves, it is perfectly clear that, in any event, defendants, by what afterwards transpired, waived any objection which they might have previously interposed. In his charge to the jury the court stated to them that they were not to render any general verdict, but simply return answers to these two questions; that he understood that the parties had consented to this; and then, apparently addressing counsel, said, "Do I understand this to be the case?" to which defendants' counsel replied, "I don't know whether I consent to this or not," to which the court replied, "Then the defendants can except;" but they interposed no exception. Taking the whole of this together, it must be held as amounting to a consent on part of defendants that only these two questions should be submitted to the jury, and that all other questions in the case should be submitted to the court for determination.

This being an appeal from an order denying a new trial, the only questions really involved here are whether these special findings of the jury were justified by the evidence, and whether the court erred in withdrawing from their consideration the value placed upon this

stock of goods by the assessor when it was listed for taxation by one of the plaintiffs. As to the first question we need only say that in our opinion the evidence is ample to sustain the verdict. As to the second, while it is the duty of the owner to list his property for taxation, it is the exclusive right, as well as duty, of the assessor to place the valuation upon it for purposes of taxation, and, in the absence of any evidence that such value was suggested or furnished by the owner, it is inadmissible as evidence against him. We find no such evidence in this case. The order denying a new trial must therefore be affirmed.

With reference to further proceedings, we may remark that clearly the special verdict does not cover all the issues made by the pleadings. Both of the answers of the jury might be true, and yet the plaintiffs not entitled to judgment; for example, they might have been partners, and yet the property in dispute not partnership property. If a judgment should be entered upon this verdict alone, there would be nothing appearing in the judgment-roll to sustain the judgment. Where there are several issues, and only part of them are passed upon by the verdict of the jury or the findings of the court, it is not sufficient to support a judgment. All the material issues must be passed upon, so as to enable the court to say, upon the pleadings and verdict or findings, without looking at the evidence, which party is entitled to judgment. *Lowell* v. *North,* 4 Minn. 15, (32;) *Meighen* v. *Strong,* 6 Minn. 111, (177,) (80 Am. Dec. 441;) *Armstrong* v. *Hinds,* 9 Minn. 341, (356;) *Pint* v. *Bauer,* 31 Minn. 4, (16 N. W. Rep. 425.)

Another question was discussed by counsel, which may also arise in this case, viz., the right of a purchaser at a sale upon execution against one partner levied upon his interest in partnership property. It is settled in this court, in accordance with the weight of the more modern authorities, and with what we conceive to be the true theory of the nature of a partnership, that the interest of a purchaser in such a case is merely the right to share in the surplus after the partnership affairs are settled; that he becomes a *quasi* tenant in common with the other partners only so far as to entitle him to an accounting; that the levy and sale do not divest the title or right of posses-

sion of the partnership; that the purchaser acquires no title to the property entitling him to the delivery of it; that he acquires nothing more than an interest, which cannot become tangible or available but under an accounting of the partnership affairs; and that, if he take possession, the remaining partners have the right to use the firm name to recover the property or its value. *Day* v. *McQuillan*, 13 Minn. 192, (205;) *Barrett* v. *McKenzie*, 24 Minn. 20; Freem. Ex'ns, § 125.

Order affirmed.