### Hoke v. Lowe.

1. *Former Adjudication.* — H. sold a mowing machine to L.
for $55, telling him he would have to have the money on the
first day of September, as Deering & Co.'s agent would be there
on that day, and he would have to pay for all machines he had sold.
L. did not pay for the machine. H. paid Deering & Co. for it
and sued L. for the price. On the trial it was shown that Deering
& Co. had sued L. for the same machine, and on the trial of that suit L.
testified that he owed H. for the machine and not Deering & Co.; that
he bought of H. and did not know Deering & Co. in the transaction. A
judgment against Deering & Co. followed. Upon the trial of this suit in
the court below, L. insisted that the adjudication in that suit was a bar
to this, and asked for and got from the court the following instruction:
"The court instructs the jury that if they believe from the evidence
that the same identical subject-matter involved in the former suit testi-
fied to was the same that is involved in this suit, and that such subject-
matter has been adjusted, then in that case you should find for the de-
fendant." *It was held* error, as the evidence offered no ground for the
hypothesis that the subject-matter of the suit was involved in the
former, but was against it. It was not the machine but the indebted-
ness for it that was the subject-matter of both these suits.

Memorandum.—Action of assumpsit. Appeal from the County Court
of Moultrie County; the Hon. JOHN D. PURVIS, County Judge, presiding.
Heard in this court at the November term, A. D. 1891. Opinion filed
October 24, 1892.

The opinion states the case.

MEEKER & PATTERSON, attorneys for appellant.

APPELLEE'S BRIEF.

It is insisted that the law as laid down in the case of Fred Bennett et al. v. Wilmington Mining Co. et al., 18 Ill. App. 17, covered every point in this case as to the plea of former adjudication and that the parties and subject-matter involved in this suit were *res adjudicata.*

JENNINGS & HUFF, attorneys for appellee.

OPINION OF THE COURT.

The declaration in this case filed by appellant against appellee contained three counts in *indebitatus assumpsit*— the first, for a mowing machine sold and delivered to defendant, and the second for goods sold and delivered, and the third for money paid out for defendant at his request. The pleas were the general issue, set-off, and former adjudication. To the last a demurrer was sustained and the cause was tried upon issue joined to the others. No evidence was offered in support of the plea of set-off. Verdict and judgment for defendant.

The County Court should have set this verdict aside and granted a new trial, as moved by plaintiff. It was palpably against the law and the evidence, and can hardly be accounted for on any other supposition than that the jury were misled by an instruction given for the defendant.

Plaintiff testified that he sold the machine in question to defendant the last of May or first of June, 1890, for $55; that he told defendant he didn't need the money then, but would have to have it on the first day of September following; that Deering & Co.'s agent would be there on that day, and he, plaintiff, would have to settle up with them and pay them for all the machines he had sold; that defendant took the machine and agreed to have the money ready and pay him for it at that time; that defendant had not paid him and still owes him for the machine; and that he, plaintiff, had paid Deering & Co. for it before the commencement of this suit. There was not one word of testi-

mony contradicting this statement, or any part of it. Defendant himself did not appear as a witness.

But it was shown that in February, 1891, a suit was brought by Deering & Co., against appellee for the price of this machine before a justice of the peace, from whose judgment an appeal was taken to the Circuit Court, where the cause was tried *de novo* before a jury at the April term; and three witnesses were produced who testified that on the trial before the justice of the peace, or on appeal, appellant swore as a witness that appellee did not owe him anything. Appellant, however, produced three jurors in the trial of the appeal, and four others in attendance, who testified that on that trial appellee swore he did owe appellant and not Deering & Co. for the machine; that he bought it of appellant, and did not know Deering & Co. in the transaction; and three of them stated that, as further showing that it was with appellant in his own right, he swore it was agreed between them that payment in part should be made in livery to him. The verdict on that trial was for the defendant, for the reason, as one of them testified on this, that the jury believed the indebtedness for the machine was due to the appellant here and not to Deering & Co. Counsel strenuously and strangely insist that the judgment in that case was an adjudication against the appellant here. They asked and got from the court below the following instruction:

"The court instructs the jury that if they believe from the evidence that the same identical subject-matter involved in the former suit testified to was the same that is involved in this suit, and that such subject-matter has been adjusted, then in that case you should find for the defendant."

The subject-matter of the former suit was the alleged indebtedness of Lowe to Deering & Co. for the machine here in question, and how an adjudication that there was none from Lowe to Deering & Co. for it could determine that there was none to Hoke, passes our understanding. It was not denied in that case that Lowe bought the machine and was indebted for the price to somebody, but the question, and the only question was, to whom. Deering & Co.

claimed it was to them. Lowe claimed it was not to them because it was to Hoke, and now claims, because the jury found it was not to Deering & Co. that such finding and the judgment thereon conclusively proved that it was not to Hoke. It may be presumed that this idea would not have occurred to court or counsel but for the fact that Hoke himself testified to his opinion that Lowe owed him nothing; and yet it is clear that a verdict and judgment for the defendant would have had the same legal effect as an adjudication, if Hoke had not testified at all. Had his statement been an admission of fact it would have been entitled to great weight as against him; but being mere matter of opinion, it was entitled to none. Whether Lowe owed him or not depended on the facts, and not at all upon Hoke's opinion. Lowe's testimony was an admission of the facts that he bought the machine of Hoke, that Deering & Co. were not known in the transaction, and that Hoke agreed to take part of his pay in livery for himself, which an agent to sell property for another would not be authorized nor apt to do.

The evidence offered no ground for the hypothesis that the subject-matter of this suit was involved in the former, but was all against it. It was not the machine, but the indebtedness for it, that was the subject-matter of both these suits. Upon the uncontradicted facts in evidence, appellee is indebted for it either to Deering & Co. or to appellant, and according to an adjudication, binding upon him because he was a party to it, he was not indebted to Deering & Co. There is no evidence in the record that he has paid anybody for it. The proof is that appellant sold and delivered it to him; that he was responsible for the proceeds to Deering & Co. and that he has paid them. The clear inference is that he sold it to appellee on his own responsibility, as was understood by appellee, and is entitled to recover the price agreed on. The County Court erred in giving the instruction quoted and in refusing the motion for a new trial. Its judgment is therefore reversed and the cause remanded.