(19 App. Div. 343.)

## MICHALOVER v. MOSES.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

CONVERSION—LEVY ON PARTNERSHIP PROPERTY.

When an officer, holding an execution against one member of a co-partnership, levies on and sells the whole of partnership property, and not merely the defendant's interest therein, his act constitutes a conversion of the interest of the other partner.

Appeal from trial term.

Action by Max Michalover against Marcus Moses. From a judgment for plaintiff entered on the verdict of a jury, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, PATTERSON, and INGRAHAM, JJ.

Abram Kling, for appellant.

Julius H. Cohn, for respondent.

WILLIAMS, J. The action was for conversion. Personal property belonged to the plaintiff and one Rines as co-partners, who were equally interested therein. The defendant, under an execution against Rines individually, took and sold the whole property, and not merely Rines' interest therein. This constituted a conversion of the plaintiff's interest in the property. While the plaintiff might have taken and sold the undivided interest of Rines, and in that event might have delivered the whole property to the purchaser, yet the purchaser would have acquired title to only the interest of Rines, which would have been the undivided one-half, subject to the claims of creditors of the partnership, and he would have been obliged to account to the creditors and the plaintiff for their interest therein, the same as Rines himself would. When, however, the defendant took and sold the entire property as the individual property of Rines, he was guilty of a conversion of plaintiff's interest therein. Walsh v. Adams, 3 Denio, 125; Waddell v. Cook, 2 Hill, 47; Zoller v. Grant, 56 Super. Ct. 279, 3 N. Y. Supp. 539; Berry v. Kelly, 4 Rob. (N. Y.) 106; Bates v. James, 3 Duer, 45; Atkins v. Saxton, 77 N. Y. 195. Sections 1413 and 1414, Code Civ. Proc., recognize this rule of law, and provide for cases wherein levies may have been made upon the interest of partners in the property of the co-partnership by virtue of executions against individual co-partners. Read v. McLanahan, 47 Super. Ct. 275. There can be no doubt as to the plaintiff's right to recover in this form of action. The theory of the right of action is that the defendant, by such seizure and sale of the whole property, is guilty of such interference with the plaintiff's rights as constitutes a conversion of his (plaintiff's) interest in the property.

The judgment appealed from should be affirmed, with costs. All concur.