[No. 3116. Decided March 28, 1899.]

CLAUS SKAVDALE *et al., Appellants,* v. W. H. MOYER, *Sheriff of King County, Respondent.*

ESTOPPEL—EFFECT OF TESTIMONY IN ANOTHER ACTION—WHEN PARTY
    NOT CONCLUDED.

The fact that, in an action by claimants of the right of title in a boom of logs which had been levied upon as the property of an individual member of a co-partnership, some of the members had testified that in their opinion the claimants were owners, under a written contract between claimants and the co-partnership, would not estop the co-partnership from subsequently asserting its ownership when the judgment in the original action had been against the right of ownership in the claimants.

EXECUTION—LEVY ON PARTNERSHIP PROPERTY FOR ONE PARTNER'S DEBT
    —CONVERSION.

When a sheriff levies upon specific personal property belonging to a partnership as the property of one co-partner, his levy is void, and the partnership may maintain an action against him for conversion, since § 5271, Bal. Code, providing for levy upon an individual partner's interest, does not authorize the sheriff to deprive a co-partner in any way of his interest in the property.

SAME—WHEN SHERIFF ESTOPPED TO DISPUTE VALUE.

Where a sheriff has wrongfully seized property and holds the proceeds of sale thereof in a certain sum, he cannot, in an action against him for conversion, set up the defense that the property was of less value.

(DUNBAR, J., dissents.)

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*John E. Humphries, W. E. Humphrey,* and *Harrison Bostwick,* for appellants.

*John G. Barnes,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action for conversion of a certain lot of logs. The complaint alleges the copartnership of appel-

lants (plaintiffs); that the copartnership was the owner and in the possession of a certain lot of logs in a boom in King county, of the value of $1,200; that respondent wrongfully took possession of such logs as the property of Thomas Jose, under an execution issued out of the superior court upon a judgment in favor of one Gustin *et al.* against Thomas and M. L. Jose, members of the copartnership; that after the wrongful levy upon the logs, claim of ownership was made thereto by one Carstens *et al.,* and the usual affidavit of ownership and bond were filed by them, and the logs were delivered to them and sold by them for $1,200; that such claim of ownership by Carstens *et al.* was not sustained by them, and the respondent recovered upon the bond executed by them in the sum of $1,200 and costs. The answer of respondent admits the levy upon the logs as the property of Thomas Jose, and that they were claimed by Carstens *et al.,* and adjudged not the property of said claimants, and that he holds, as the proceeds from such logs so levied upon by him, the sum of $1,200. The answer is, in effect, after such admissions, a general denial of the ownership and right to possession to the logs of the appellants. At the conclusion of the trial, the superior court dismissed the jury from further consideration thereof, and entered judgment for respondent.

The only testimony offered, with the exception of the complaint in another action pending in the superior court between different parties from those in the case at bar, and which is immaterial, was that produced by the appellants. The facts shown at the trial were substantially that the lot of logs in question were cut and placed in the boom by appellants; that, at the time such logs were placed there, there was existing a written contract between Carstens *et al.* and appellants; that both parties to the contract construed the same as vesting title in Carstens *et al.*

at the time the levy was made by respondent, as sheriff, upon the logs. It was stated by the witnesses of appellants, who were members of the partnership, that they supposed the instrument of writing gave Carstens *et al.* the title to the logs at the time the levy was made; but it was further shown that, in the trial where the respondent and Gustin *et al.* were defendants, Carstens *et al.* were adjudged by the superior court not entitled to the lot of logs. The witnesses for appellants testified that the copartnership was the owner of the logs at the time the levy was made. It was also shown that the proceeds of the logs received by the sheriff in place of the logs were $1,200.

1. Respondent, as sheriff, does not justify in his answer the levy upon the logs, but seemingly his contention is that appellants did not show they were the owners or entitled to the possession of the logs at the time of the levy upon them as the property of Thomas Jose. The question, then, is, was the copartnership of appellants the owner or entitled to the possession of the logs at the time the seizure was made by respondent? If so, the controversy is resolved against respondent. Counsel for respondent argues that, appellants having construed the contract between themselves and Carstens *et al.* as one placing the property in the logs in Carstens *et al.,* appellants are thereby estopped from claiming the logs for themselves. But it does not seem, from an examination of the facts, that any estoppel arises against appellants. Respondent's levy upon the logs was not based upon any acts or opinions of appellants. His levy was not made upon partnership property, but upon the individual property of Thomas Jose. The suit that followed between Carstens *et al.* and respondent and the judgment creditors of Thomas Jose determined that Carstens *et al.* were not the owners or entitled to the possession of the logs. Respondent was a party to that action. It would certainly be a singular legal

principle that would not permit him to assert, contrary to the adjudication procured by him in that suit, that Carstens *et al.* are now the owners or entitled to the possession of the logs. The uncontroverted evidence in the case at bar shows that appellants, as a copartnership under the style of the Saginaw Logging Company, were the owners of these logs; that they had never disposed of the same unless to Carstens *et al.*; and it was conclusively adjudicated in the action between Carstens *et al.* and this respondent that they had not made such disposition to Carstens *et al.* The case of *Hoke v. Lowe,* 48 Ill. App. 126, is in point here. In that case an agent of a machine company sold to the defendant a mowing machine, telling defendant that he would have to have the money on the first day of September following, as the machine company's agent would be there on that day and he would have to pay for all machines he had sold. Defendant did not pay for the machine. The agent paid the machine company for it and sued defendant for the price. On the trial it was shown that the machine company had before sued defendant for the same machine, and, on the trial of that suit, that defendant testified that he owed the agent, and not the machine company, for the machine. A judgment was thereupon rendered against the machine company. The agent in the same action testified that, in his opinion, the defendant owed him nothing, and it was urged that the former trial adjudicated and established the agent's right to claim the property for himself. But the appellate court, in reversing the cause, observed:

" The subject-matter of the former suit was the alleged indebtedness of Lowe to Deering & Co. for the machine here in question, and how an adjudication that there was none from Lowe to Deering & Co. for it could determine that there was none to Hoke, passes our understanding. It was not denied in that case that Lowe bought the machine

and was indebted for the price to somebody, but the question, and the only question was, to whom. Deering & Co. claimed it was to them. Lowe claimed it was not to them because it was to Hoke, and now claims, because the jury found it was not to Deering & Co. that such finding and the judgment thereon conclusively proved that it was not to Hoke. It may be presumed that this idea would not have occurred to court or counsel but for the fact that Hoke himself testified to his opinion that Lowe owed him nothing; and yet it is clear that a verdict and judgment for the defendant would have had the same legal effect as an adjudication, if Hoke had not testified at all. Had his statement been an admission of fact it would have been entitled to great weight as against him; but being mere matter of opinion, it was entitled to none."

Thus, in the case at bar, it is immaterial what may have been the statements of some of the members of appellant company. It was a matter of opinion upon the construction of a written instrument. They were not parties to that action, and the real issue here is, who owned the logs in fact; and while, as observed by the appellate court of Illinois, it might affect the credibility of their testimony in this case, we cannot see that it impairs it. Their testimony in this case shows clearly that what they said with reference to the controversy of Carstens et al. against respondent and Gustin et al. was the expression of opinion. In this cause the specific facts shown are that appellant copartnership was the owner and entitled to the possession of the lot of logs, unless Carstens et al. were their successors in ownership and possession. But, as before observed, it was conclusively determined that Carstens et al. were not such owners.

2. It is evident that Thomas Jose had no right, title or interest in the logs levied upon, because the same belonged to the Saginaw Logging Company, appellant copartnership. Under § 5271, Bal. Code (2 Hill's Code,

§ 802), the sheriff may take possession of the partnership property and sell the interest of an individual partner in such property, describing such interest in his advertisement as nearly as may be, and the purchaser shall acquire all interest of such defendant therein. "But nothing contained herein shall be so construed as to deprive such copartner of any such defendant of his interest in any such property." From the nature of a partnership, the only custody the sheriff may rightfully take of copartnership personal property is for the purpose of the sale of an individual partner's interest, and at such sale the purchaser acquires only the interest so sold, the right to demand an accounting, and any surplus due after such accounting from the partnership to the interest which he has purchased. He is not entitled, as against the copartnership, to the possession of any specific property. Neither does the sheriff sell any interest in any specific personal property. When the sheriff levied upon the copartnership property and took possession thereof as the property of Thomas Jose, his levy was void, and his taking and disposing of the lot of logs was conversion against the copartnership. *Atkins v. Saxton,* 77 N. Y. 195; *Richard v. Allen,* 117 Pa. St. 199 (11 Atl. 552, 2 Am. St. Rep. 652); *Lane v. Lenfest,* 40 Minn. 375 (42 N. W. 84). The last case determines specifically the right of the copartnership to prosecute such action for conversion. See, also, Freeman on Executions (2d ed.), § 125. The same author (in § 254a) observes, with reference to such levies:

" Where the levy is permitted, its ultimate effect is to confer on the purchaser thereunder nothing beyond the right to an accounting. This is all the judgment debtor has, and therefore all he can transfer, whether the transfer be voluntary or involuntary. . . . In other states the seizure of either a part or the whole of the chattels of a copartnership, under a writ against one of its members,

and the exclusion of his copartners from their possession, is unauthorized, and warrants an action of trespass against the officer."

3.   Respondent, then, as sheriff, having seized the property of the appellant company and converted the same, and now holding the proceeds thereof in the amount of $1,200, cannot be heard to say that the property was of less value.   It is admitted that the proceeds of the conversion are in that amount.   He has shown no justification for such seizure, and we conclude that it was a proper case for decision by the court when the evidence was all heard. · But the judgment should have been for the plaintiffs (appellants).   The cause is therefore reversed and remanded, with direction to enter judgment for appellants for the sum of $1,200 and costs.

GORDON, C. J., and ANDERS, J., concur.

DUNBAR, J., dissents.