(81 South. 863)

R. A. MYLES & CO. v. A. D. DAVIS PACKING CO. et al. (1 Div. 252.)

(Court of Appeals of Alabama. April 8, 1919.)

1. PARTNERSHIP ⬥220(5) — EXECUTION AGAINST MEMBER—SALE OF SHARE—RIGHTS OF PURCHASER.

Under a fieri facias against the goods of one member of a partnership, only his interest in the tangible firm assets may be levied on and sold, and the right acquired by the purchaser is the right of partner whose interest was sold subject to all the liens, incumbrances, or infirmities affecting it as assets of the firm.

2. PARTNERSHIP ⬥179—INTEREST OF MEMBER—NATURE.

The ownership of each partner is subject to the ownership of all the other partners, and all the partners together hold the property subject to the right of the partnership to apply all of its funds in payment of the partnership debts.

3. PARTNERSHIP ⬥76—FIRM PROPERTY—INTEREST OF MEMBER—NATURE.

The real ownership of all the chattels is vested in the firm, and the interest of each partner is merely a right to share in the profits of the business during its continuance, or in a division of property upon its dissolution after all the partnership obligations have been satisfied.

4. PARTNERSHIP ⬥220(5)—LEVY ON PARTNERSHIP PROPERTY—RIGHT OF PURCHASER.

A successor to the interest of a partner by purchase at an execution sale can acquire no

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

greater interest in property purchased than the partner has.

5. SHERIFFS AND CONSTABLES ☞113(1)—UN-LAWFUL LEVY ON PARTNERSHIP PROPERTY—LIABILITY.

If a sheriff in total disregard of the rights of the partnership levies upon and sells partnership property as the property of one of the members under an execution, the sheriff is a trespasser, and the partnership can maintain an action against him for the damages.

6. SHERIFFS AND CONSTABLES ☞139(5)—UN-LAWFUL LEVY OF PARTNERSHIP PROPERTY—DAMAGES.

If the sheriff, in total disregard of the right of the partnership, levies upon and sells the partnership property as that of one of the individual partners under an execution, the officer is liable to the firm for the full value of the goods sold.

Bricken, J., dissenting.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by R. A. Myles & Co. against the A. D. Davis Packing Company and another. Judgment of nonsuit, and plaintiffs appeal. Reversed and remanded.

Jesse F. Hogan, of Mobile, for appellants. Inge & Kilborn and Herbert U. Feibelman, all of Mobile, for appellees.

BRICKEN, J. The appellants, R. A. Myles, Mrs. R. A. Myles, and Erwin S. Myles, conducted a meat market under the style of "R. A. Myles & Co." A judgment was recovered in the law and equity court of Mobile county by the A. D. Davis Packing Company against R. A. Myles individually. An execution was issued upon this judgment and placed in the hands of the sheriff of Mobile county. The sheriff levied upon ten cows as the property of the defendant in execution, took possession of the same, and sold them in satisfaction of the execution. Prior to the sale of this property, the sheriff received an indemnifying bond, executed by the A. D. Davis Packing Company as principal and the Fidelity & Deposit Company of Maryland as surety.

The defendants in this suit were the principal and surety in the indemnifying bond. The complaint contained six counts. Each count is based upon the theory that the property levied upon was partnership property, and that the action of the sheriff in levying upon, taking possession of, and selling such property for the satisfaction of the individual debt of one of the partners was wrongful. Demurrers were interposed to the complaint, were sustained by the court, and appellants took a nonsuit.

The main and determining question raised by this record is whether the levy upon and sale of this property by the sheriff was wrongful. Each member of a copartnership is the owner of an undivided interest in the chattels and goods of such partnership. This interest under the decision in this state, is subject to seizure and sale under an execution in the hands of a sheriff upon a judgment rendered against one of the individual members of the partnership. Moore v. Semple, 3 Ala. 319; Andrews v. Keith, 34 Ala. 722; Daniel v. Owens, 70 Ala. 297.

The contention of appellants that this rule is to be applied only when all of the tangible property of a partnership has been levied upon to satisfy a judgment against one of the members of the firm is, in our opinion, without merit, and is opposed to the authorities above cited. Section 4106 of the Code of 1907 in no way changes this rule of law, and does nothing more than clothe the sheriff with the right of taking or not taking actual possession of the property levied upon, as he may see fit.

The extent of the interest acquired by a purchaser under a sheriff's sale under the circumstances and facts set out in this record is a matter with which we are not here concerned. Daniel v. Owens, supra; Tait v. Murphy, 80 Ala. 440, 2 South. 317.

The action of the court in sustaining appellee's demurrer was without error.

Affirmed.

**On Rehearing.**

SAMFORD, J. The original opinion in this case expresses the view of BRICKEN, J., who still adheres to the principles there announced. The Presiding Judge and the writer, after a further consideration of the case, are of the opinion that the application for rehearing should be granted and the judgment reversed and the cause remanded for the following reasons:

[1-4] It is undoubtedly the law of this state that under a fieri facias against the goods of one member of a partnership his interest in the tangible assets of the partnership may be levied on and sold, but only such interest as he has; the right acquired by such purchase is the right of the partner whose interest was sold and only his right, subject to all the liens, incumbrances, or infirmities affecting it as assets of the partnership. It is not a separate and exclusive right to any part or portion of it, or any right of any kind to any one part rather than to any other part, or any other right or interest than was held by the execution debtor as a member of the partnership. The ownership of each partner is subject to the ownership of all the other partners, and all the partners together hold the property subject to the right of the partnership to apply all of its funds to the payment of the partnership debts. The real ownership of all the chattels is vested in the firm, and the interest of each partner is merely a right to

share in the profits of the business during its continuance, or in a division of the property upon dissolution after all the partnership obligations have been satisfied. No one partner has a separate ownership of or right to possess exclusively any part of the partnership assets, and a successor to his interest by purchase at an execution sale can acquire no greater interest than he has. Daniel v. Owens & Co., 70 Ala. 297; Tait v. Murphy, 80 Ala. 440, 2 South. 317; Farley v. Moog, 79 Ala. 148, 59 Am. Rep. 585.

[5] And while the interest of a partner in the partnership may be levied upon and sold, if the sheriff, in total disregard and denial of the rights of the partnership, levies upon and sells the partnership property as the property of one of the individual partners under an execution against such member, the sheriff is a trespasser as to the partnership, and his act is a conversion of the partnership property. Moore v. Pennell, 52 Me. 162, 83 Am. Dec. 500; Waddell v. Cook, 2 Hill (N. Y.) 47, 37 Am. Dec. 372; Zoller v. Grant, 3 N. Y. Supp. 539; Bates v. James, 10 N. Y. Super. Ct. 45; Walsh v. Adams, 3 Denio (N. Y.) 125; Atkins v. Saxton, 77 N. Y. 195; Michalover v. Moses, 19 App. Div. 343 46 N. Y. Supp. 456; Williams v. Lewis, 115 Ind. 45, 17 N. E. 262, 7 Am. St. Rep. 403; Skavdale v. Noyer, 21 Wash. 10, 56 Pac. 841, 46 L. R. A. 481. And the partnership can maintain an action against him to recover damages resulting from such conversion. 20 R. C. L. p. 952; Moore v. Pennell, 52 Me. 162, 83 Am. Dec. 500; Waddell v. Cook, 2 Hill (N. Y.) 47, 37 Am. Dec. 372.

[6] Such a sale being illegal and rendering the officer a trespasser ab initio, the action may properly be brought in the name of the partners, and they will be entitled to recover full value of the goods sold. Moore v. Pennell, supra.

At common law the ownership of partnership property, as well as partnership obligations, were joint only, each partner holding his interest for the joint benefit of the other members and for the firm, the firm being all of the partners, and hence the process and pleadings in every action require the disclosure of the first name and surname of all the parties thereto for the purpose of rendering judicial proceedings certain and conclusive as between the parties and to give full force and effect to the doctrine of res judicata. 20 R. C. L. p. 920; Willis v. Barron, 143 Mo. 450, 45 S. W. 289, 65 Am. St. Rep. 673.

The rulings of the trial court were not in accord with the foregoing views. The application for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.