Curtis v. The State.

---

CURTIS v. THE STATE.

[No. 2,544. Filed November 4, 1897.]

NEW TRIAL.—*Misconduct of Jury.—When Evidence Not in Record.— Presumption.*—Where the defendant in a criminal action in support of a motion for a new trial on the ground of misconduct of the jury, introduced affidavits, but the State, instead of introducing counter-affidavits, examined witnesses in open court relating to the matters stated in such affidavits, and the court overruled the motion for a new trial, and the evidence so heard is not in the record, this court will indulge the presumption that the ruling of the trial court thereon was correct. *pp. 432, 433.*

EVIDENCE.—*How Made Part of Record.*—Before the longhand manuscript of the evidence can become a part of the record it must not only be filed in the clerk's office, but after it is so filed it must be incorporated in a bill of exceptions and signed and attested by the trial judge.  *pp. 433–435.*

From the Marion Criminal Court.  *Affirmed.*

*Robert E. Smith,* for appellant.

*W. A. Ketcham,* Attorney-General, and *Cassius C. Hadley,* for State.

WILEY, C. J.—Appellant was prosecuted before a justice of the peace under section 2068, Burns' R. S. 1894 (1984, Horner's R. S. 1896), for drawing and threatening to use a deadly and dangerous weapon, to wit: a pistol. He was found guilty by the justice, and was adjudged to pay a fine of one dollar. From this judgment he appealed to the Marion Criminal Court, and upon trial there by the court he was again found guilty, and his punishment fixed at a fine of one dollar. A new trial was granted, and subsequently the cause was tried by a jury, who found him guilty, and he was fined $62.50. From a judgment pronounced upon the verdict appellant prosecutes this appeal.

The only error assigned, which presents any question for our consideration, is the overruling of appellant's motion for a new trial. The grounds of the motion for a new trial were: (1) That the verdict is contrary to the evidence; (2) that the verdict is contrary to law; (3) misconduct of the jury, and (4) misconduct of the prosecuting attorney.

The misconduct of the jury complained of, is fully set out and stated in affidavits in support of the third reason for a new trial, but these are not brought into the record by bill of exceptions. The misconduct of the prosecuting attorney as stated in the motion, was in subpoenaing a large number of witnesses on behalf of the State who were sworn in open court, in the pres-

ence of the jury, and were not used as witnesses. Also, in his opening statement to the jury, he stated, to prejudice the jury against appellant, that appellant had had other troubles with his neighbors, and also made statements in regard to his character. The State, instead of filing counter-affidavits, examined, in open court, witnesses, relating to the matters stated in affidavits filed by appellant in support of his third assigned reason for a new trial.

No attempt is made to incorporate, or bring into the record the evidence so heard, on the question of the misconduct of the jury, and hence we must indulge the presumption in favor of the trial court, that its action and ruling thereon were correct.

But in any event, the motion for a new trial, as it appears in the record, does not present any question for our decision. An attempt has been made by appellant to preserve all questions raised by him, in a bill of exceptions, but in this he has wholly failed. What purports to be a bill of exceptions is found in the record, beginning at page 22, and is as follows:

State of Indiana v. Lyman W. Curtis. Bill of exceptions. 1st. Be it remembered, that on the 7th day of June, 1897, when this case was on trial in the Marion Criminal Court, on the 133d judicial day of the January term of said court, while the prosecuting witness, Thomas Doyle, was being examined by the prosecutor * * * on the trial before the jury, said prosecutor attempted to prove by said witness that the defendant had had other troubles about stock trespassing (see evidence on page 4 of longhand report), and the taking up of stock at other times by other neighbors, although objected to at the time, and the defendant's objections were sustained by the court, the offer was prejudicial to the defendant. 2d. And further, that

on the trial of this cause, to wit: on the 8th day of June, 1897, being the 154th judicial day of said January term, the defendant   *   *   *   on the return of the verdict, gave notice of his intention to file a motion for a new trial herein, and at the time excepted to the verdict of the jury in open court.   3d.  And further, on the 3d day of July, 1897, the same being the 156th judicial day of said January term of said court, defendant filed his motion for a new trial of said cause, for the reasons set out in said motion; and time was given in which to file affidavits in support of said motion; and on the 31st day of July, 1897, being the 24th judicial day of the July term of said court, the court overruled defendant's motion for a new trial herein, and also overruled defendant's motion to retax costs herein;  to all of which rulings the defendant at this time excepted, and twenty days' time was given defendant in which to file bill of exceptions.  Wherefore, defendant gave notice of his appeal of this cause to the Appellate Court of the State of Indiana.  And now, to wit: on this 6th day of August, 1897, in less than sixty days from the rendition of the verdict and judgment herein, and within the time given, defendant now brings this, his bill of exceptions, into court and files the same in open court and prays an appeal of his cause to said Appellate Court, which is granted by the court.  In witness whereof, on this 6th day of August, 1897, the same is approved and signed." Then immediately follows the signature of the trial judge.

On the following page is the beginning of what purports to be the longhand manuscript of the evidence as taken by the shorthand reporter.

Following the longhand manuscript of the evidence is the certificate of the reporter; the record shows that such longhand manuscript was filed in the clerk's office August 5th, 1897, but there is nothing in the rec-

ord to show that it was ever incorporated in·a bill of exceptions; while on the contrary the bill of exceptions, or more properly speaking, what purports to be a bill of exceptions, affirmatively shows that it was not so incorporated.

Before the longhand manuscript of the evidence can become a part of the record it must not only be filed in the clerk's office, but after it is so filed, it must be incorporated in a bill of exceptions, signed and attested by the trial judge.

Citation of authorities upon a question of practice so familiar is wholly unnecessary. As the longhand manuscript has not been incorporated in a bill of exceptions, the first and second assignment of errors present no question which we can consider.

So we conclude, with the learned Attorney-General, that *"in nullo est erratum,"* and there being no error properly presented for review, the judgment is affirmed.