(Cuyahoga County Common Pleas.)

ADOLPH W. MOSKOWITZ v. SILAS AUERBACH.

---

1. Upon motion for judgment on special findings, under R. S. 5202, the question whether the special findings are inconsistent with the general verdict must be determined from inspection of the record, and without reference to the evidence.

2. If the special findings do not respond to

all the issues, so that the court can not say, upon inspection of the pleadings and the special findings, which party is entitled to a judgment, they will not sustain a judgment contrary to the general verdict.

Phillips, J.,     (orally)

This is a motion by plaintiff for a judgment on special findings.  The jury returned a general verdict for the defendant, and also answered interrogatories submitted to them; and it is claimed that these answers are inconsistent with the general verdict, and that the plaintiff is therefore entitled, under the statute, to a judgment on the special findings, notwithstanding the general verdict for the defendant.

The principal question arising on the submission of this motion is, whether or not the court, in determining whether the special findings are inconsistent with the general verdict, may look to the evidence in the case.  Upon that question I have been aided very much by the industry of counsel in finding authorities and furnishing briefs, and I have examined all the authorities cited by counsel, and I have pursued the examination somewhat beyond them, and have examined some authorities not so cited.  I find the law to be, without any doubt, that upon such motion the court can not look to the evidence; and that the question of consistency or inconsistency must be determined by reference to the record, and without reference to the evidence.  The authorities to this point are so numerous, and the question is so well settled, that it need not be elaborated.

Now, looking only to the record, how do this general verdict and these special findings stand?  The action is ejectment.  The plaintiff complains that the defendant keeps him out of possession of a strip of about five inches in width along the side of his lot, the parties owning adjoining lots.  The evidence showed that the defendant had constructed a substantial brick block upon his lot, some three or four stories in height, and that his wall next to the plaintiff extends over on to the plaintiff's lot three-fourths of an inch at the street line, and an inch and one-half at the rear of the building—the building not running the full length of the lot.  The evidence showed that from the rear of the building to the rear of the lot the defendant had placed his fence a few inches over on the plaintiff's lot, being further over at the rear of the lot than at the rear of the building.  There was evidence tending to show that the plaintiff, having constructed a building alongside of the defendant's building—plaintiff's building being of wood and defendant's being of brick—that

the plaintiff had made use of the defendant's wall that projected over onto his lot, and had made it an essential part of his building; that he had made a wall for his frame building right against the brick wall, and had made his wall of such character that it was essential to it that the brick wall should be there to help sustain it; and that he fastened the wall and roof of his building to the brick wall.  The jury was instructed that if, in so doing, the plaintiff had made the projecting part of defendant's brick wall an essential part of his building, he had thereby adopted that part of the wall and had put himself in possession of it, and was not damaged and could not recover, so far as the part covered by the wall is concerned.

These questions were submitted to the jury, and these answers made:

1.  Does defendant's westerly brick wall extend over and rest upon plaintiff's land? Yes.

2.  How much of defendant's brick wall stands upon plaintiff's land?     Three-fourths of an inch in front; in rear, one and one-half inches.

3.  Does defendant's fence stand upon plaintiff's land?     Yes.

4.  How far west of the lot line between sub-lots 22 and 23 does this fence stand? Four and one-half inches.

Now, the pleadings say nothing about buildings or fence.   The petition alleges that the plaintiff is the owner of lot 23, and that the defendant is in possession of a strip of that lot, on the easterly side of it, about five inches wide, from the front to the rear.  Nothing is said about the defendant having put a building or a fence upon it.  These things appear in the evidence, but do not appear in the pleadings.  Plaintiff's claim is as I have stated it; while the defendant, in his answer, says that he has constructed a valuable brick building on his lot, and says that when he did it he had the land surveyed.  There is no affirmative allegation of that kind in the reply, so that the inconsistency between the general verdict and these special findings does not appear from the record.  It might appear from the evidence, and still, under the charge of the court, the jury might have found that brick wall was on the plaintiff's lot, and found for the defendant, on the ground that the plaintiff had made use of that part of the wall, and so could not complain of it.  As to the fence, that might not be so.

I find these authorities in regard to the right of the court to enter a judgment on a special finding that is inconsistent with a general verdict:

"Such findings must establish all the ulti-

mate facts from which his right to a judgment results as a necessary legal conclusion." 55 Nebraska ,330.

"The special verdict or findings of a jury, in order to sustain a judgment, must pass upon all the material issues made in the pleadings, so as to enable the court to say upon the pleadings and verdict, without looking at the evidence, which party is entitled to judgment. Where there are several issues, and only part of them are passed upon by the special findings, they are not sufficient to sustain a judgment." 40 Minn., 375; 150 U. S. ,597; 19 U. S. App., 567; 38 Minn., 260; 104 Wis., 307; 81 N.Western, 416; 18 Ind. App., 434; 41 Wis., 422.

I find no authorities to the contrary, and the rule rests upon sound reason.

Now, following that rule, disregarding the evidence and looking only to the pleadings and the special findings, first, are the special findings inconsistent with the general verdict? I should have to say, that upon the record they are inconsistent so far as they go, but do they cover all the issues and decide all the questions of fact requisite to be decided in order to entitle the plaintiff to a verdict? I think, clearly, they do not. In the first place, they are not intelligible without a look at the evidence. Looking at the evidence, they are.

In the next place, there is an issue in the pleadings not responded to at all by the special findings, and that is an issue as to the plaintiff's ownership.

Defendant denies that plaintiff is the owner of sublot 23. Proof was offered tending to show that he is the owner of it, and how he became the owner of it. These special findings do not respond to that issue. The first question assumes that plaintiff has a lot. "Does defendant's westerly brick wall extend over and rest upon plaintiff's land?" Plaintiff is not entitled to a verdict unless that issue be sustained upon his part. The special findings do, not sustain it, do not respond to it. In that respect I think the special findings are insufficient. Perhaps there is only one issue in the pleadings not responded to in the special findings, but the special findings speak in language that is not found in the record. It is found in the evidence. These answers are responses to questions that relate to the evidence and not to the issues in the record. With this view of the case, I must deny the plaintiff's motion for judgment on the special findings.

Hile & Horner, for plaintiff.
Henderson & Quail, for defendant.